In the Matter of the ESTATE OF Floyd Parker HUTCHINS, Deceased.

Ruth B. Hutchins McDONALD, Petitioner-Appellant,

v.

Donald L. HUTCHINS, Personal Representative-Appellee.

No. 79CA0031.

Colorado Court of Appeals, Div. I.

Aug. 9, 1979.

Rehearing Denied Sept. 6, 1979.

Law Offices of Timothy W. Hasler, Joseph H. Fonfara, Fort Collins, for petitioner-appellant.

Wyatt, Williams, Williamson & McCabe, Dave Williams, Fort Collins, for personal representative-appellee.

STERNBERG, Judge.

The appellant, Ruth B. Hutchins McDonald, and Floyd Hutchins were married on December 5, 1972. In February 1974, she filed a petition for dissolution of marriage in California, and in October of that year, the California court entered an interlocutory decree of divorce, which included a disposition of all marital property. Neither party took any action to obtain a final decree and no final decree was entered.

Floyd Hutchins died on November 7, 1977, while domiciled in Colorado, and his handwritten will dated June 7, 1974, giving his entire estate to his two sons, was lodged for probate. The appellant filed a petition to take her elective share of the estate as surviving spouse. She also filed a request for exempt property allowance, family allowance, and homestead allowance, which the personal representative denied. The appellant then sought a court order granting these allowances.

During the pendency of this petition, upon the request of the decedent's sons, the California court entered a final decree of divorce nunc pro tunc as of December 10, 1974. Appellant initially appealed this judgment in California, but that appeal was dismissed for failure to prosecute it. Relying upon this final judgment

of the California court, the district court held that the appellant was not the surviving spouse and therefore denied her claims. We affirm the judgment of the district court, but on a different basis.

We do not reach the question of the validity of the *nunc pro tunc* entry of the final decree of divorce. Rather, we conclude that the appellant is precluded from claiming benefits as a surviving spouse by that portion of the Colorado Probate Code that provides that for purpose of such benefits the term "surviving spouse" does not include "a person who was a party to a valid proceeding concluded by an order purporting to terminate all marital property rights." Section 15–11–802, C.R.S. 1973.

In California the division of marital property in an interlocutory decree such as was entered here is appealable. Cal.Civ.Code § 4514 and 4810 (West); *Darter v. Magnussen*, 172 Cal.App.2d 714, 342 P.2d 528 (1959). Thus, the division of marital property in the interlocutory decree in California on October 10, 1974, was "an order purporting to terminate all marital property rights." The time for appeal having elapsed, the proceedings have been "concluded" within the meaning of § 15–11–802, C.R.S. 1973. Therefore, appellant is not a surviving spouse entitled to exempt property allowance, family allowance, homestead allowance, or elective share.

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.